# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIULLAH AHMADI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MOISES BECERRA, *et al.*,<br><br>　　　　　Respondents. | Case No.  1:25-cv-01044 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Docs. 13, 14) |

　　　　Samiullah Ahmadi is a federal detainee proceeding by counsel. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 19, 2025. (Doc. 1.) Petitioner is in custody of the Immigration and Customs Enforcement at the Golden State Annex ICE Detention Center in McFarland, California. (*Id.* ¶ 1.) On February 3, 2026, Petitioner filed a motion for temporary restraining order ("TRO"). (Doc. 9.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

　　　　On February 5, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's motion for TRO. (Doc. 13.) The magistrate judge found that Petitioner's detention is properly governed by 8 U.S.C. § 1226(a) because Petitioner was released on his own recognizance pursuant to section 236 of the Immigration and Nationality Act after he was initially detained by immigration authorities. (*Id.* at 15-16.) The magistrate judge further found because

1

1   Petitioner has an underlying, continuing liberty interest in being free from re-detention, and the
2   government does not argue nor does the record show that Petitioner is a flight risk or a danger to
3   the community, Petitioner demonstrates a likelihood of success on the merits of his claims
4   asserting violations of his procedural due process rights based on the three-factor test articulated
5   in *Mathews v. Eldridge*, 424 U.S. 319 (1976). (*Id.* at 19-20, 22.) The Court served the findings
6   and recommendations on the parties and notified them any objections were to be filed within
7   seven days. (*Id.* at 24.) On February 6, 2026, Respondents timely filed objections. (Doc. 14.)

8   In their objections, Respondents reiterate their previously stated position that Petitioner is
9   subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) because Petitioner remains an
10  "applicant for admission" and he was not released under that statute by a grant of parole pursuant
11  to 8 U.S.C. § 1182(d)(5). (*Id.* at 1-2.) Respondents also re-assert their request that the case be
12  stayed pending the resolution of appellate proceedings in *Rodriguez Vasquez v. Bostock*, 779 F.
13  Supp. 3d 1239 (W.D. Wash. 2025), if the Court were to grant the TRO or preliminary injunction
14  and release Petitioner. *Id.* at 3.

15  Respondents' objections do not materially dispute the findings and recommendations,
16  including the finding that Respondents released Petitioner pursuant to an Order of Release on
17  Recognizance which acknowledged that Petitioner was not a flight risk nor a danger to the
18  community, there is no evidence that Petitioner violated any conditions of his release, and while
19  on release, Petitioner has an ongoing liberty interest to remain free from re-detention.

20  According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case.
21  Having carefully reviewed the entire file, including Respondents' objections, the Court concludes
22  the findings and recommendations are supported by the record and by proper analysis. In
23  addition, the Court agrees with the magistrate judge that there is no reason to stay these
24  proceedings in anticipation of a ruling in *Rodriguez Vasquez*. Though *Rodriguez Vasquez* will
25  address matters that could be dispositive of the instant petition, the Court sees no real benefit in
26  terms of judicial or party efficiency in granting a stay. Respondents do not suggest they will be
27  prejudiced by being required to respond to the petition and no such prejudice seems likely given
28  the perfunctory briefing that has been presented thus far.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on February 5, 2026 (Doc. 13) are **ADOPTED** in full.
2. Petitioner's motion for temporary restraining order (Doc. 9) is **GRANTED**.
3. Respondents' request to stay this case pending the outcome of appellate proceedings in *Rodriguez Vasquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) (Doc. 11) is **DENIED**.
4. Respondents are **ORDERED** to release Petitioner immediately.
5. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1]
6. The parties are **DIRECTED** to file a joint status report within 14 days of entry of this order as to Petitioner's status and address therein whether any further briefing is needed to address the petition on the merits.

IT IS SO ORDERED.

Dated:   **February 12, 2026**

_____<br>UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.