UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIULLAH AHMADI, | Case No.  1:25-cv-01044-JLT-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MOISES BECERRA, *et al.*, | (A-Number 245-274-772) |
| Respondents. | (Docs. 1, 15, 17) |
| | **7-Day Objection Period** |

Petitioner Samiullah Ahmadi ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 3, 2026, Petitioner filed a motion for temporary restraining order ("TRO"). (Doc. 9). On February 5, 2026, the undersigned issued findings and recommendations to grant Petitioner's motion for TRO. (Doc. 13). On February 12, 2026, the presiding district judge adopted the findings and recommendations, granted Petitioner's motion for TRO, and ordered Respondents to release Petitioner immediately. (Doc. 15). The district judge directed the parties to file a joint status report addressing whether any further briefing is needed to address the petition on the merits. *Id.* at 3. On February 27, 2026, Respondents filed an untimely status report representing that the parties agree that further briefing is unnecessary and the matter has been fully briefed in prior filings. (Doc. 17).

1

For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus be granted.

## I.     Relevant Background

On August 18, 2025, Petitioner filed the instant petition while in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 ¶ 1). Respondents are Moises Becerra (Acting Field Office Director of San Francisco Office of Detention and Removal of Immigration and Customs Enforcement ("ICE")), Todd M. Lyons (Acting Director of ICE), Kristi Noem (in her official capacity as Secretary of the Department of Homeland Security ("DHS")), Pam Bondi (in her official capacity as Attorney General of the United States), and Tonya Andrews (Facility Administrator at Golden State Annex) (collectively, "Respondents"). *Id.* at ¶ 7-12.

In the findings and recommendations issued February 5, 2026, which were adopted in full (Doc. 15), the undersigned found that Petitioner's detention is properly governed by 8 U.S.C. § 1226(a) because Petitioner was released on his own recognizance pursuant to section 236 of the Immigration and Nationality Act ("INA") after he was initially detained by immigration authorities. (Doc. 13 at 15-16). The undersigned further found because Petitioner has an underlying, continuing liberty interest in being free from re-detention, and the government does not argue nor does the record show that Petitioner is a flight risk or a danger to the community, Petitioner demonstrates a likelihood of success on the merits of his claims asserting violations of his procedural due process rights based on the three-factor test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 19-20, 22.

The presiding district judge found that Respondents' objections to the findings and recommendations "do not materially dispute" the undersigned's findings, "including the finding that Respondents released Petitioner pursuant to an Order of Release on Recognizance which acknowledged that Petitioner was not a flight risk nor a danger to the community, there is no evidence that Petitioner violated any conditions of his release, and while on release, Petitioner has an ongoing liberty interest to remain free from re-detention." (Doc. 15 at 2). The Court therefore granted a TRO, ordered Petitioner's immediate release, and enjoined and restrained the government

from re-detaining Petitioner unless the government provides advance notice to Petitioner and arranges for a bond hearing. *Id.* at 3.

In their February 27, 2026, status report, Respondents confirm that Petitioner was released from ICE custody on February 12, 2026, and placed onto the ISAP program with certain conditions and that "OPLA and ERO confirmed that re-detention, should any occur, would be in compliance with process required by the Court's order." (Doc. 17 at 1-2). Respondents represent that, on the merits of the petition, they "have no further argument besides those the [C]ourt has already considered and rejected." *Id.* at 2.

## II.    Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III.    Discussion

The undersigned now turns to Petitioner's petition. Petitioner asserts two causes of action in his petition for (1) a statutory violation under the INA and (2) violation of procedural due process under the Fifth Amendment to the U.S. Constitution. *See* (Doc. 1 at 38-40). As set forth below, because the parties agree that further briefing is unnecessary, and Respondents provide no further argument besides those the Court has already considered and rejected, the undersigned will recommend the Court grant Petitioner's petition.

**A.      Statutory Scheme**[1]

In the findings and recommendations to grant Petitioner's motion for TRO, the undersigned found that because Respondents do not challenge Petitioner's representations that he was released from immigration detention on an Order of Release on Recognizance, has complied with his release conditions and all scheduled appointments, and has no criminal record, and Respondents do not assert that Petitioner violated any conditions of his release, "[u]nder these circumstances, … 8 U.S.C. § 1226(a) attaches as the governing legal scheme."  (Doc. 13 at 14-15); *see id.* at 15 ("Petitioner's release from his initial period of immigration detention based on an Order of Release on Recognizance pursuant to section 236 of the INA clearly shows that Petitioner was subject to the provisions of § 1226 when he was most recently re-detained.").  The undersigned therefore found that Petitioner has shown "he is likely to succeed on his claim asserting a statutory violation under the INA." *Id.* at 16.

Because Respondents do not raise any new argument in response to the undersigned's findings or the Court's order adopting the findings and recommendations, and, thus, do not rebut the merits of Petitioner's claim, the undersigned will recommend the Court grant Petitioner's petition as to his claim for a statutory violation of the INA.

**B.      Procedural Due Process**[2]

As noted above, the Court adopted the findings and recommendations in which the undersigned found that Petitioner "has an underlying, continuing liberty interest in being free from re-detention, [] the government does not argue nor does the record show that Petitioner is a flight risk or a danger to the community, [and] Petitioner demonstrates a likelihood of success on the merits of his claims asserting violations of his procedural due process rights" under *Mathews*.  (Doc. 15 at 2).  Because Respondents stand on their earlier arguments already considered by the Court in

---

[1] The undersigned incorporates herein the statutory immigration framework regarding 8 U.S.C. §§ 1225 and 1226 as set forth in the findings and recommendations to grant Petitioner's motion for TRO.  *See* (Doc. 13 at 8-14).

[2] The undersigned incorporates herein the governing authority regarding constitutional procedural due process as set forth in the findings and recommendations to grant Petitioner's motion for TRO.  See (Doc. 13 at 16-17).

its order granting Petitioner's motion for a TRO (Doc. 15), the undersigned recommends the Court grant Petitioner's petition as to his procedural due process claim.

## IV.    Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2. The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require.").  Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 14, 2026**                                 _____

                                                                    UNITED STATES MAGISTRATE JUDGE